### JEROME C. NELSON v. MARY NELSON.

Springfield Court of Appeals, July 8, 1922.

**DIVORCE**: Judgment Denying Divorce Held Not to be Disturbed.  Judg-
ment denying a divorce where plaintiff's testimony was uncor-
roborated will not be disturbed;  no error appearing from the
record.

Appeal from the Circuit Court of Stone County.—*Hon.
Fred Stewart,* Judge.

AFFIRMED.

*Moore, Barrett & Moore* for appellant.

*J. William Cook* and *William B. Skinner* for re-
spondent.

FARRINGTON,  J. — The  appellant,  plaintiff,
brought suit for divorce against the defendant.  The
trial court, after hearing the evidence, dismissed the bill,
from which judgment the plaintiff brings his appeal to
this court.

From the record before us we learn that Jerome C.
Nelson was seventy-two years of age when he, on Feb-
ruary 15, 1921, married the defendant who was fifty-six

years of age. It was his second venture and her fourth. He alleges that his condition of married life was made intolerable by the defendant and prayed for a divorce. The defendant entered a general denial. Both testified to their conduct and demeanor toward each other, each claiming to have lived fully up to the duties required.

It is apparent from the record that the plaintiff was overly peevish concerning certain conduct objected to by him on the part of the defendant; for instance, he gives as one reason why his condition was rendered intolerable that she patted her foot and that that aggravated him. The testimony also shows that some of the things he now complains of happened before the marriage, and he says that had he not already made a deed to some of his property to her he would not have married her on that account. Such matters as these, of course, cannot be urged after the marriage when he had full knowledge of the fact that he probably could not get along with her before the marriage took place.

The case, as stated before, stands on the testimony of the two interested parties, the burden being on plaintiff to substantiate the allegations of his bill. The trial court refused to grant him a divorce and there is nothing in the record before us to convince us that he erred in judgment or discretion in this matter. While the appellate courts do not always follow the rule that there should be some corroborating testimony, it is stated as a general rule that divorces should rarely be granted without some corroborative evidence of the complainant's testimony. [See Gruner v. Gruner, 183 Mo. App. 157, 165 S. W. 865.] There is nothing in this record which we have discerned that would make this case an exception to that general rule. The judgment is affirmed. *Bradley, J.,* concurs. *Cox, P. J.,* concurs in result in a separate opinion.

COX, P. J. (concurring).—I concur in affirming the judgment in this case but in doing so I wish to say that

I do not think that it has yet been established as a general rule that divorces should rarely be granted on the uncorroborated testimony of one of the parties. That expression has been used in many cases but I think the statement is too broad. I think the correct rule is, that if the matters complained of are of such a character that in the ordinary course of events it appears likely that some other person has knowledge of the facts and no corroborating evidence is offered, then the uncorroborated evidence of one party should be closely scrutinized and the trier of the facts should be fully satisfied of its truth before giving judgment on it. On the other hand, if the matters complained of are of such a character that no other person would be expected to have knowledge of them, then corroboration should not be expected and the fact that no corroborating witness is offered should not militate against the party testifying in his or her own behalf. Whether there is corroboration or not the court should be guided by the same rules in reaching a conclusion in a divorce case as in any other case. Each case must stand on its own facts and the rules of evidence and the weight to be given it in actions for divorce are the same as in all other cases.